IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HENRY RINIER, JR., and MIRIAM ANN KREIDER-RINIER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) CIVIL NO. 09-1068-GPM |
| A.W. CHESTERTON, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion to recuse brought by Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") (Doc. 6) and the motion for remand of this case to state court brought by Plaintiffs John Henry Rinier, Jr., and Miriam Ann Kreider-Rinier (Doc. 10). This case, in which Mr. and Mrs. Rinier seek damages for personal injuries allegedly caused by exposure to asbestos, was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and Foster Wheeler has removed the case to this Court.[1] Federal subject matter jurisdiction

---

1. It appears from the record of this case that, in addition to A.W. Chesterton, Inc., Foster Wheeler's co-Defendants are: Trane US, Inc., f/k/a American Standard, Inc.; Ashcroft, Inc., as successor-in-interest to Manning, Maxwell & Moore, Inc.; Atlas Turner, Inc., f/k/a Atlas Asbestos Co.; Avocet Enterprises, Inc., f/k/a Ventfabrics, Inc.; Beazer East, individually and as successor-in-interest to Theim and as successor-in-interest to Universal Refractories; Bell Asbestos Mines, Ltd.; Bondex International, Inc.; Borg-Warner Corp., by its successor-in-interest Borg-Warner Morse Tec, Inc.; Bridgestone/Firestone America's Holding, Inc.; CBS Corp., a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corp., a Pennsylvania Corp., f/k/a Westinghouse Electric Corp.; C.P. Hall Co.; CSR, Inc.; Carboline Co.; Certain-Teed Corp.; Cooper Industries, Inc.; Crane Co.; Crown Cork & Seal USA, Inc.; Dap, Inc.; Deming Pumps; D & F Distributing, Inc.; Domtar Industries, Inc., as successor-in-interest to Nekoosa Paper Co.; Dravo Corp.; Duro Dyne Corp.; Eaton Corp., individually and as

is alleged on the basis of 28 U.S.C. § 1442, the so-called "federal officer" removal statute. Having considered the matter carefully, the Court now rules as follows.

Turning first to Foster Wheeler's motion for recusal, this motion will not detain the Court long. The gist of Foster Wheeler's motion is that the spouse of the undersigned District Judge is an attorney who sometimes represents plaintiffs claiming personal injuries, including injuries allegedly caused by asbestos (Foster Wheeler points out also that one of the undersigned's judicial clerks practiced personal-injury law with the undersigned's spouse at one time). Apparently in Foster Wheeler's view, these facts disqualify the undersigned from hearing cases involving personal injuries resulting from asbestos, or perhaps cases involving personal injuries generally. The Court finds no merit in Foster Wheeler's motion. While the undersigned District Judge certainly would

---

successor-in-interest to Cutler Hammer, Inc.; Elliott Turbomachinery Co.; Essex Specialty Products, LLC; Exxonmobil Oil Corp.; Fairbanks Morse Co.; Ferro Engineering, a division of Oglebay Norton Co.; Ford Motor Co.; Garlock, Inc.; General Electric Co.; General Refractories Co.; Georgia-Pacific, LLC; Glidden Co.; Goodyear Tire & Rubber Co.; Goulds Pumps; Grinnell Corp.; Hennessy Industries, Inc.; Hitco Carbon Composites, Inc.; Homasote Co.; Honeywell, Inc.; Honeywell International, Inc., successor-in-interest to Bendix Corp. f/k/a Allied Signal, Inc.; Imo Industries, Inc.; Industrial Holding Corp. f/k/a Carborundum Co.; Ingersoll-Rand Co.; ITT Corp.; J.M. Asbestos Sales, Inc.; J-M Manufacturing Co.; John Crane, Inc.; Kentile Floors, Inc.; Kubota Tractor Corp.; Matco-Norca; McKesson Corp.; Meadwestvaco Corp. as successor-in-interest to Mead Corp.; Metropolitan Life Insurance Co.; Mine Safety Appliances Co.; Morrison Knudsen Corp. d/b/a Washington Group International, Inc.; Mortell Co.; National Service Industries, Inc. f/k/a North Brothers Inc.; Nooter Corp.; Norca Industrial Co., LLC; Owens-Illinois, Inc.; Peerless Pump Co.; Philips Electronics North America Corp.; Plastics Engineering Co.; Pneumo Abex Corp. as successor-in-interest to Abex Corp.; Rapid American Corp. as successor-in-interest to Philip Carey Corp.; Riley Power, Inc., f/k/a Riley Stoker Corporation; Rockwell Automation, Inc., individually and as successor-in-interest to Rostone Corp. f/k/a Allen-Bradley Co.; R.T. Vanderbilt Co.; Saint-Gobain Abrasives, Inc.; Sherwin-Williams Co.; Sprinkmann Sons Corp.; Sprinkmann Insulation Inc.; Square D, a brand of Schneider Electric; Superior Boiler Works, Inc.; Tenneco Automotive Operating Co.; Thermwell Products Co. f/k/a Mortite Corp.; Union Carbide Corp.; Vermont Asbestos Group, Inc.; Warren Pumps, LLC, f/k/a Warren Pumps, Inc.; Yarway Corp.; York International Corp.; Young Group, Ltd., f/k/a Young Sales Corp.; Young Insulation Group of St. Louis; and Zurn Industries, LLC.

recuse himself from hearing any case in which his wife had an interest or was participating as counsel for one of the parties, such is not the case here. A judge is not required to abstain from hearing an entire class of cases because his or her spouse, as an attorney, participates in such cases, and any such construction of 28 U.S.C. § 455 would quickly bring the judicial business of the federal courts to a complete halt. At bottom it appears that Foster Wheeler is aggrieved by certain decisions in which the undersigned has found against Foster Wheeler on issues pertaining to federal subject matter jurisdiction on removal, but adverse rulings are not evidence of judicial bias such as to warrant recusal. *See McLaughlin v. Union Oil Co. of Cal.*, 869 F.2d 1039, 1047 (7th Cir. 1989); *Cohee v. McDade*, 472 F. Supp. 2d 1082, 1084 (S.D. Ill. 2006). Accordingly, the undersigned declines to recuse himself in this case.

      Turning then to the instant motion for remand of this case to state court, the Court notes as an initial matter the standard under which such a motion must be evaluated. A defendant seeking removal bears the burden of establishing federal subject matter jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). Federal removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007). Removal is proper if it is based on permissible statutory grounds and if it is timely. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); *Gragg v. Alfa Laval, Inc.*, Civil No. 09-773-GPM, 2009 WL 4110389, at *1 (S.D. Ill. Nov. 20, 2009). Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court. *See Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at *1

(S.D. Ill. Aug. 24, 2007); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).

In this case, as noted, the asserted basis for federal subject matter jurisdiction is 28 U.S.C. § 1442, which provides, in relevant part, for the removal of "[a] civil action . . . commenced in a State court against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). To effect removal under Section 1442, Foster Wheeler must prove three elements: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning that there is a nexus or causal connection between Plaintiffs' claims and the acts Foster Wheeler allegedly performed under the direction of a federal officer; and (3) Foster Wheeler has a colorable federal defense to state-law liability. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 129 (1989); *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977); *Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at *5 (S.D. Ill. Sept. 21, 2007).[2]

Foster Wheeler claims in its notice of removal that it is entitled to invoke federal officer jurisdiction because at least part of the alleged exposure of John Henry Rinier, Jr., to asbestos occurred during his service in the United States Navy ("USN") aboard the U.S.S. *Damato*, a vessel for which Foster Wheeler claims that it manufactured components, including boilers and

---

2.   Here the parties do not dispute that Foster Wheeler, a corporation, is a "person" for purposes of the first prong of the test of federal officer jurisdiction. *See Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *2 (S.D. Ill. Oct. 22, 2009) ("[A] corporation is a 'person' within the meaning of 28 U.S.C. § 1442[.]").

economizers, that contained asbestos. With respect to the second prong of the test of federal officer jurisdiction, acting under a federal officer, Foster Wheeler claims that it acted under the direction of the USN in designing equipment for the U.S.S. *Damato*. As to the third prong, a colorable federal defense, Foster Wheeler claims that it is entitled to assert the so-called "government contractor defense," under which, of course, a private contractor is shielded from liability under state law for defects in products or equipment that it produced for the United States if: (1) the United States approved reasonably precise specifications for the products or equipment; (2) the products or equipment conformed to those specifications; and (3) the contractor warned the United States about any dangers known to the contractor but not to the United States. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997-98 (7th Cir. 1996); *Lambert v. B.P. Prods. N. Am., Inc.*, Civil No. 04-347-GPM, 2006 WL 924988, at *6 (S.D. Ill. Apr. 6, 2006). To establish the second prong of the test of federal officer jurisdiction with respect to Plaintiffs' state-law claims of strict products liability and negligence against Foster Wheeler based on the latter's alleged failure to warn of the asbestos contained in the products that the company furnished to the USN, Foster Wheeler must produce evidence that the USN prevented the company from complying with its duty to warn under state law. *See Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at **6-7 (S.D. Ill. Oct. 3, 2007). Similarly, to establish the first prong of the government contractor defense, Foster Wheeler must show that the USN approved specific warnings that precluded Foster Wheeler from complying with its state-law duty to warn. *See id.* at *9.

The only evidence produced by Foster Wheeler in support of its claim of federal officer jurisdiction are affidavits by J. Thomas Schroppe, an employee of Foster Wheeler from 1962

until 1999, and Ben J. Lehman, who served as a ship superintendent in the USN and who claims in that capacity to have had personal involvement with the supervision and oversight of ship construction as well as ship alterations and equipment overhauls. *See* Doc. 12-8, 12-9. In the past the Court has attached little significance to such evidentiary materials, unaccompanied as they are by exemplar contracts between the USN and its contractors or pertinent regulations promulgated by the USN or another responsible agency. *See Sether v. Agco Corp.*, Civil No. 07-809-GPM, 2008 WL 1701172, at **3-4 (S.D. Ill. Mar. 28, 2008). Most importantly, even assuming for the sake of argument that it is the case that, as Schroppe and Lehman attest in their affidavits, the USN exercised the final control over the content of the warnings that accompanied the equipment supplied to it by Foster Wheeler, this does not negative the possibility that Foster Wheeler had responsibility for designing the warnings, in whole or in part, or that the USN required contractors like Foster Wheeler to provide safety warnings in accordance with state-law duties of care. *See id*. at *4. Accordingly, Plaintiffs' motion for remand of this case (Doc. 10) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

    **IT IS SO ORDERED.**

    DATED: January 19, 2010

                                            /s/ G. Patrick Murphy
                                            G. PATRICK MURPHY
                                            United States District Judge